UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| HARI 108, LLC, | ) | CASE NO. 21-08044 |
| | ) | |
| DEBTOR. | ) | HON. TIMOTHY A. BARNES |

**UNITED STATES TRUSTEE'S REPLY IN SUPPORT
OF MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE**

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Spencer C. Ezell, and for his Reply in Support of the U.S. Trustee's Motion to Convert or Dismiss Chapter 11 Case states and alleges as follows:

**PRELIMINARY STATEMENT**

1. The Debtor's Response fails to alter the conclusion that there exists cause to convert or dismiss this case. This small business Debtor has failed to satisfy the plan filing and confirmation requirements set forth in Sections 1121(e) and 1129(e) of the Bankruptcy Code. Such failures prevent this Debtor from confirming a plan, which constitutes cause under Section 1112(b)(4)(F). Moreover, allowing this case to remain active in Chapter 11 to allow creditors to file a competing plan would contravene Congress' intent with respect to the small business sections of the Bankruptcy Code. Therefore, this Court should grant the U.S. Trustee's motion to convert or dismiss this case for cause.

**SUMMARY OF RELEVANT FACTS**

2. HARI 108, LLC (the "Debtor") initiated this case on June 30, 2021 (the "Petition Date") by filing a petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is a small business debtor as defined by Section 101(51D) of the Bankruptcy Code. *See dkt. 1, Line 8*.

1

3. Since the Petition Date, the Debtor has remained in possession and control of its assets and continues to manage its affairs pursuant to Sections 1107 and 1108 as a debtor-in-possession.

4. The Debtor operates a grocery store in LaSalle, Illinois.

5. Prior to the Petition Date, the Debtor was a member of the Central Grocers distribution and rebate program. When Central Grocers filed for Chapter 11 bankruptcy, the Debtor lost at least $248,000 in rebates and members interests.

6. The Debtor filed its Plan of Reorganization (the "First Plan") and Disclosure Statement on December 27, 2021. *Dkts. 63, 64*.

7. The First Plan and Disclosure Statement were not confirmed.

8. On April 28, 2022, the Debtor filed an Amended Plan of Reorganization (the "Amended Plan") and Amended Disclosure Statement. *Dkts. 69, 70*.

9. On the same date, the Debtor filed a Motion to Extend Time Confirmation Deadline Pursuant to Section 1129(e) (the "Motion"). *Dkt. 71*.

10. The U.S. Trustee objected to the Motion. *Dkt. 72*.

11. The Court sustained the U.S. Trustee's objection and denied the Debtor's Motion. *Dkt. 76*.

12. For the reasons set forth herein, there are various reasons why the Debtor's Response does not alter the conclusion that there is cause to convert or dismiss this case.

## ARGUMENT

**I. Cause Exists to Convert or Dismiss this Case under Section 1112(b)(4)(J).**

13. In relevant part, Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to

Chapter 7 or dismiss the case, whichever is in the best interests of creditors of the estate, so long as the movant establishes "cause." *See* 11 U.S.C. § 1112(b)(1).

14. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. *See* 11 U.S.C. § 1112(b)(4)(A)-(P). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in Section 1112(b)(4). *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In Matter of Strug-Division, LLC*, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007).

15. Subsection (b) of Section 1112 enumerates ten examples of events or conduct that constitute cause, which includes:

> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

11 U.S.C. § 1112(b)(4).

16. Section 1121(e)(2) requires a small business debtor to file the plan and disclosure statement no later than 300 days after the petition date. Once a small business debtor files the plan and disclosure statement, it has 45 days therefrom to obtain court confirmation of the plan. *See* 11 U.S.C. § 1129(e).

17. A small business debtor may only extend the deadline to confirm a plan by satisfying all three requirements of Section 1121(e)(3). Namely, the Debtor must demonstrate that it is more likely than not that the court will confirm the plan within a reasonable amount of time; the new deadline is imposed at the time the extension is granted; and the order extending the deadline is signed before the existing deadline expires. 11 U.S.C. § 1121(e)(3).

18. A small business debtor cannot reset or create a new 45-day confirmation deadline by filing an amended plan. *See, e.g.*, *In re Wheelchair Sales & Servs.*, 593 B.R. 321 (Bankr. N.D. Ill. 2018).

19. Upon filing its First Plan, the Debtor began its confirmation window, which expired on February 10, 2022. The Court neither confirmed the Plan nor entered a signed order extending the deadline on or before February 10, 2022.

20. Therefore, since the Debtor failed to confirm its First Plan or extend the original confirmation deadline, the Debtor cannot get a new 45-day deadline by filing the Amended Plan. *See, e.g.*, *In re Wheelchair Sales & Servs.*, 593 B.R. 321, 325–26 (Bankr. N.D. Ill. 2018) ("Accordingly, the Court rules that the filing of an amended plan does not have the effect of extending the confirmation deadline. If a debtor files an amended plan and determines that it needs additional time to confirm that plan, it is the debtor's responsibility to file a motion to extend the confirmation deadline and to satisfy the three requirements of § 1121(e)(3).").

21. Consequently, the Debtor is unable to timely confirm a plan of reorganization, which constitutes "cause" to convert or dismiss this case. *See In re 250 Pixley Rd., LLC*, 2018 Bankr. LEXIS 765, 2018 WL 1381316, *3–4 (Bankr. W.D.N.Y. Mar. 16, 2018) ("There is no longer any possibility that a plan could be confirmed within the time frames established by 11 U.S.C. §§ 1121(e) and 1129(e)—those deadlines have passed.").

II. **THE DEBTOR'S RESPONSE DOES NOT ALTER THE CONCLUSION THAT THERE IS CAUSE TO CONVERT OR DISMISS THIS CASE**

22. For a variety of reasons, the Debtor's arguments set forth in its Response fail to change the conclusion that this case must be converted or dismissed.

### A. The Debtor Failed to Timely Confirm a Plan of Reorganization

23. The Response's first argument against conversion or dismissal is that there is still a reasonable likelihood of reorganization here. In support of that argument, the Debtor states that it has complied with the applicable filing deadlines for small business debtors and that the Court here has not entered an order fixing the time for the Debtor to file a plan.

24. Altogether, the Debtor's Response relies heavily, almost exclusively, on the case *In re Simbaki, Ltd.*, 522 B.R. 918 (Bankr. S.D. Tex. 2014). While this case alone may seem to support the Debtor's position here, the entire universe of precedent on this issue is more mixed than the Debtor suggests.

25. In fact, the *Simbaki* court itself stated the following:

> If a small business debtor does not file a plan within 300 days or obtain an extension, its case will be dismissed or converted because it failed to file a plan "within the time fixed by this title," regardless of whether non-debtor proponents are bound by the deadline.

*In re Simbaki, Ltd.*, 522, B.R. 918, 923 (Bankr. S.D. Tex. 2014).

26. Here, the Debtor has failed to file a confirmable plan within 300 days. While the Debtor did file its First Plan on December 27, 2021, or 180 days after the Petition Date, the Debtor neglected to pursue confirmation of the First Plan. Therefore, now that the 300-day deadline has passed and the Debtor has not obtained confirmation of the First Plan, the Debtor would be required to file any subsequent plans after the 300-day deadline. *In re Wheelchair Sales & Servs.*, 593 B.R. 321, 325–26 (Bankr. N.D. Ill. 2018).

27. The Debtor filed its Amended Plan on April 28, 2022, which was 302 days after the Petition Date. Thus, the Debtor's Amended Plan was not timely filed. Moreover, the Amended Plan was also not confirmed within the 45-day deadline set forth in Section 1129(e).

28. The Debtor did not move to extend the 300-day deadline for filing the plan and disclosure statement. *See* 11 U.S.C. § 1121(e)(2).

29. Therefore, since the 300-day deadline in Section 1121(e)(2) has spanned and the Debtor has failed to file a confirmable plan and disclosure statement, the *Simbaki* court's conclusion should apply equally here. The Debtor has not filed a confirmable plan within the 300-day deadline and any subsequent plan filings would be untimely.

30. Since the Debtor has not timely confirmed a plan and has not obtained an extension of the 300-day deadline to file an amended plan, its case should be dismissed or converted for the "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title." *See In re Simbaki, Ltd.*, 522, B.R. 918, 923 (Bankr. S.D. Tex. 2014); 11 U.S.C. § 1112(b)(4)(J).

31. The Debtor also argues that there is not cause under Section 1112(b)(4)(J) because this Court never fixed the time for the Debtor to file its plan.

32. The language of Section 1112(b)(4)(J) is clear that "cause" to convert or dismiss exists where the Debtor has failed to "file a disclosure statement, or to file or confirm a plan, within the time fixed by this title *or* by order of the court." 11 U.S.C. § 1112(b)(4)(J) (emphasis added). The inclusion of "or" means that "cause" for the Debtor's failure can exist either under a deadline imposed by Title 11 of the United States Code or by a deadline imposed by the Court.

33. Here, the deadline is clearly imposed by the Bankruptcy Code, through Sections 1121(e) and 1129(e). There was no need for the Court to have imposed a deadline for there to be "cause" to convert or dismiss this case. The Debtor's first argument in its Response fails to alter the conclusion that this case should be converted or dismissed.

### B. The Plain Language of the Code Requires Conversion or Dismissal

34. The Debtor's second argument is that Section 1112(b)(4)(J) does not mandate dismissal (or conversion). The plain language of the Bankruptcy Code expressly defeats the Debtor's argument.

35. Section 1112(b) provides that, with certain exceptions, upon request by a party in interest, the "court *shall* convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter." 11 U.S.C. § 1112(b)(1) (emphasis added).

36. Here, cause exists to convert or dismiss the case. *See supra* ¶ 13–21.

37. There are two exceptions to the court's directive to convert or dismiss. First, Section 1112(b)(2) states as follows:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

38. The above exception does not apply to this case. First, the Debtor has not alleged any unusual circumstances in this case which would establish that conversion or dismissal are not in the best interests of creditors and the estate. The U.S. Trustee is likewise not aware of any such circumstances in this case.

39. Second, there is no likelihood that a plan could be confirmed within the timeframes established in Section 1121(e) and 1129(e). These deadlines have come and gone. Section 1121(e)'s deadline for the Debtor to file a plan within 300 days lapsed more than 100 days ago as of the filing of this Reply. The 1129(e) deadline that a plan be confirmed within 45 days of its filing similarly passed on February 10, 2022. The First Plan was not confirmed prior to that date and the Debtor did not successfully extend that deadline prior to its expiration.

40. Third, the Debtor has not alleged that the grounds for conversion or dismissal were caused by an act or omission of the Debtor for which there is a reasonable justification, and which will be cured within a reasonable amount of time. The Debtor provides no explanation as to its failure to timely confirm its proposed plan of reorganization.

41. As the Debtor fails to satisfy all of the requirements of Section 1112(b)(2), it cannot claim this section as a reason for this Court not to convert or dismiss the case.

42. The second exception to the court's mandate for conversion or dismissal is in Section 1112(c) of the Code, which provides that

> [t]he court may not convert a chapter 11 case to chapter 7 if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

11 U.S.C. § 1112(c).

43. This provision does not apply to the Debtor. It is not a farmer and it is not a corporation that is not a moneyed, business, or commercial corporation.

44. The plain language canon of statutory interpretation supports dismissal or conversion of this case. When the language of a statute is clear and unambiguous, courts should give effect to the plain meaning of the statute. *See United States v. Rand*, 482 F.3d 943, 9** (7th

8

Cir. 2007) (citing *Holder v. Hall*, 512 U.S. 874, 832 n.28 (1994); *United States v. Hayward*, 6 F.3d 1241, 1245 (7th Cir. 1993)).

45. Section 1112(b) and its relevant subsections are clear and unambiguous. Unless an express exception applies, courts *shall* dismiss or convert a chapter 11 case where "cause" exists. As discussed, neither exception applies and "cause" exists under Section 1112(b)(4)(J) for the Debtor's failure to file or confirm a plan within the time fixed by the Bankruptcy Code. Therefore, the case must be converted or dismissed.

### C. The Debtor's Case Cannot be Saved by its Creditor

46. The final argument in the Debtor's Response is that the 300-day deadline for filing a plan applies only to the Debtor, not its creditors. Again, the Debtor relies almost exclusively on *Simbaki, Ltd.* for this proposition.

47. First, due to the immediately preceding sections, whether this argument is correct or not does not matter. There is cause to convert or dismiss this case and neither of the exceptions apply to the Debtor's case.

48. Moreover, allowing this case to remain active and in Chapter 11 to wait for the Debtor's creditors to file a plan would conflict with Congress' purpose for small business cases. *See In re Sanchez*, 429 B.R. 393, 398 (Bankr. D.P.R. 2010) ("The expedited nature of the confirmation process pursuant to 11 U.S.C. § 1129(e) is a clear example of Congress' attempt to keep small business cases on a short leash."); *In re Wheelchair Sales & Servs.*, 593 B.R. 321, 322 (Bankr. N.D. Ill. 2018). This case has been open and active for over 400 days, well past the 300-day deadline for the filing of the plan in small business cases, and there is currently no plan on file that could be confirmed.

49. The Debtor's Response does not allege any notice concerns or issues on behalf of MBH Investment LLC, which is the creditor allegedly interested in filing a plan. Thus, there is no reason—alas, none are alleged in the Response—why this creditor could not have filed a competing plan between day 181, when the Debtor's exclusivity period lapsed, and day 300 in this case. Also, in the event this case is dismissed rather than converted, the Debtor may elect to refile this matter and effectively reset the relevant small business deadlines.

50. Finally, once again, the Debtor's overreliance on the *Simbaki, Ltd.* case fails to paint an accurate picture of the prevailing precedent on this issue. *See, e.g.*, *In re Randi's, Inc.*, 474 B.R. 783, 786–87 (Bankr. S.D. Ga. 2012) ("cause exists to dismiss or convert the case for the failure of any party to file a plan within the 300-day period or to timely obtain an extension. . . . Section 1121(e)(2) expressly limits the period during which a small business plan may be filed. Confirming this plan after the 300-day deadline would be inconsistent with § 1121(e)(2).").

## **CONCLUSION**

51. "Cause" exists to convert or dismiss this case under Section 1112(b)(4)(J). Neither of the conversion or dismissal exceptions set forth in Section 1112 exist here. Therefore, the Court is required to convert or dismiss this case. *See* 11 U.S.C. § 1112(b)(1).

52. Further, the Debtor's argument contradicts Congress' intent for small business debtors and fails to address why the secured creditor was unable to file its plan within the 120 days where it was eligible to do so.

53. Finally, even if the Debtor is correct that the 300-day deadline for filing a plan in a small business case is only a limit on debtors, "cause" clearly exists here due to the Debtor's shortcomings. As explained above, where "cause" exists and neither of the express exceptions

apply, courts must convert or dismiss a chapter 11 case. Therefore, the 300-day limit's applicability on non-debtor parties is irrelevant.

54. Based on the above, this case should be converted or dismissed.

**WHEREFORE**, the U.S. Trustee requests the Court to enter an order converting or dismissing the Debtor's case pursuant to Section 1112(b)(4)(J) of the Bankruptcy Code and for such other relief as is just.

RESPECTFULLY SUBMITTED:
PATRICK S. LAYNG
UNITED STATES TRUSTEE

Dated: August 10, 2022   By: /s/ Spencer C. Ezell
Spencer C. Ezell, Trial Attorney
Office of the U.S. Trustee
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604
(202) 702-6338